RAMÓN ERNESTO AVALO, Plaintiff and Appellee, v. CÁNDIDO CACHO, ETC., Defendant and Appellant; JAIME CALAF COLLAZO ET AL., Sureties and Appellees.

No. 10403. Argued April 3, 1951. Decided March 31, 1952.

V. *Polanco de Jesús* for appellant. E. *Pérez Casalduc* for appellee. R. *Rivera Zayas, G. Rivera Cestero,* and *Milton F. Rúa,* for sureties, appellees.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

The background of this suit appears in our opinion in *Avalo* v. *Cacho,* 71 P.R.R. 97, therefore we shall refer herein only to those facts necessary to decide the present action.

In the above-mentioned decision we reversed a judgment of the lower court granting a preliminary injunction within a possessory injunction suit, on the ground that the complaint therein did not state facts constituting a cause of action and that the evidence introduced for the purpose of the preliminary injunction petition did not amend the allegations of said complaint, for which reason neither the restraining order granted *ex parte* on the same day that the complaint was filed nor the preliminary injunction subsequently granted lay. As to the bond furnished when the restraining order was issued—which bond was left in force by the court as a security for the preliminary injunction after the restraining order had been dissolved—we stated the following: "In addition, when the lower court granted

the preliminary injunction it could not leave in force the bond that had been furnished when the restraining order was issued, since the latter was set aside and regardless of the form in which said bond was drafted, the sureties could not be held responsible beyond that to which they bound themselves, that is to say, to the consequences of the restraining order originally granted. When the order was set aside by the court the effect of the bond terminated with it. In granting thereafter the preliminary injunction the court should have fixed a new bond and it should have been furnished by the same sureties or by others, before the injunction should become effective."

After the case was remanded to the lower court, defendant in the injunction suit, see *Colón* v. *District Court*, 62 P.R.R. 721, claimed damages from plaintiff and his sureties Jaime Calaf Collazo and Juan Dávila Díaz, alleging "that all the acts executed by plaintiff under the restraining order and the preliminary injunction, have caused uneasiness, restlessness, and mental and moral sufferings which he estimates as follows:

"A.—Attorney's fees to obtain the dissolution of the restraining order........................ $300.00
"B.—Automobile expenses, trips and witnesses.... 25.00
"C.—Destruction of fences and damage caused to animals................................ 200.00
"D.—Mental and moral restlessness.............. 1,000.00
"E.—Expenses in the prosecution of the suit in addition to the restraining order, including stenographer's and attorney's fees for appeal to the Supreme Court that reversed the judgment.. 500.00"

He ended his motion praying that plaintiff and his sureties be ordered to pay him the amount of $2,025 as damages resulting from the issuance of the restraining order and the injunction, limiting the responsibility of the sureties to the amount of $1,000 specified in the bond, plus costs and expenses of the proceeding.

The lower court overruled said motion essentially on the ground that (1) Since no definite decision in the injunction suit had been rendered, a claim for damages did not lie; (2) Since the bond furnished covered only the damages arising from the issuance of the restraining order, the liability of the sureties would be limited to such damages; (3) The items under letters (a), (b), and (d) of the claim for damages, which would be the only ones related to the restraining order, as to attorney's fees the first, and automobile expenses, trips and witnesses the second, are not recoverable as damages pursuant to *Sierra* v. *Santiago*, 48 P.R.R. 667, nor is item (d) as to mental and moral restlessness pursuant to *Díaz* v. *Cancel*, 61 P.R.R. 857; *Rosado* v. *Smallwood Bros.*, 62 P.R.R. 611 and *Díaz* v. *Palmer*, 62 P.R.R. 106; (4) Since it has not been alleged nor has it appeared from the record that plaintiff acted with malice and without probable cause in praying for a writ of preliminary injunction—which was issued without bond—defendant had no right to recover damages from him.

The arguments in support of the appeal are in the sense that, independently of the bond, plaintiff is responsible for the damages arising from the restraining order as well as from the preliminary injunction; that the sureties are responsible for the damages caused by the issuance of the restraining order up to the limit of $1,000 specified in the bond, and that the items claimed should be granted as damages. Let us see.

■■ The text of the obligation signed by plaintiff and his sureties when the restraining order was issued is as follows:

"We, Ramón Ernesto Avalo, Juan Dávila Díaz, and Jaime Calaf Collazo having the Hon. District Court of Arecibo issued an order directing plaintiff herein to furnish bond for the damages he may cause by reason of a preliminary injunction petition which he filed with the clerk of said court, jointly and

severally guarantee that we shall pay defendant for all the damages resulting from said writ of injunction if it be shown that plaintiff was not entitled to request it, up to the amount of one thousand ($1,000) dollars.

(Sgd.) R. E. Avalo

Ramón Ernesto Avalo

Principal

(Sgd.) Juan Dávila Díaz (Sgd.) Jaime Calaf

 Juan Dávila Díaz Jaime Calaf Collazo

 Surety Surety"

It is to be observed that in said bond the sureties state that they will pay "all the damages resulting from said writ of injunction if it be shown that plaintiff was not entitled to request it," up to the sum of $1,000. The term "costs" was not specifically included in the bond contract. Rule 65 (c) of the Rules of Civil Procedure states:

"*Security.*—No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, .for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. No such security shall be required of The People of Puerto Rico or of an officer or agency thereof."

It is evident that in drafting the terms of the bond they were not conformed to the requirements of Rule 65 (c), but to the provisions of § 681 of the Code of Civil Procedure (1933 ed.)—§ 7 of Act of March 8, 1906 (Sess. Laws, p. 86) relative to injunctions—which text, insofar as pertinent, reads as follows: "On granting an injunction, the court or judge must require, except when it is granted on the application of The People of Porto Rico, of a county or a municipal corporation, or district board, or wife against her husband, a written undertaking on the part of the applicant, with sufficient sureties to the effect that he will pay to the party enjoined such damages, not exceeding an amount to be specified, as such party may sustain by reason of the injunction, if the

court finally decides that the applicant was not entitled thereto."

However, although it was not specified in the bond that the sureties were bound to pay *costs* besides *damages*—pursuant to Rule 65(c) already cited—said condition, that is, the payment of *costs*, is a part of the contract although it is not expressly included in the bond, for it is a well-settled rule that the bond should be construed as if the statute had been incorporated. *Cintrón* v. *Ins. Ind. & Agr. Exp. Ass'n Inc.*, 58 P.R.R. 820; *Avilés* v. *Sons of Rafael Toro, Ltd.*, 27 P.R.R. 616.

 Now: we are dealing here, although it was brought on motion within the injunction suit, with an action for damages that has its origin in § 1802 of the Civil Code and not in the bond. Consequently, by its nature, said action is *ex delicto* and not *ex contractu* for it was predicated on the damages that might have been caused to the party against which the order was issued, as a result of the issuance thereof at plaintiff's behest. *Cintrón* v. *Ins. Ind. & Agr. Exp. Ass'n Inc.*, *supra*. Plaintiff's liability arises independently from the contract of bond which merely limits the liability of the sureties for the damages caused as a result of the restraining order, sureties and principal binding themselves jointly up to the limit of the bond. In this specific case, they are jointly liable for the damages that the restraining order alone might have caused. The principle involved is the one set forth in *Cintrón* case and cases and authorities cited therein, including especially Restatement of the Law of Torts, Volume III, § 674, p. 443. See expressly on this particular *Serrallés* v. *Saurí*, 44 P.R.R. 391. Since this Court decided in *Avalo* v. *Cacho*, *supra*, that neither the issuance of the restraining order nor of the preliminary injunction lay—being ancillary proceedings—because the complaint in the main action did not state facts sufficient to constitute a cause of action, plaintiff in said suit, without referring to

the bond—and the sureties to the extent and amount fixed in the bond—is liable for the damages arising out of the wrongful issuance of the restraining order and the preliminary injunction. *Serrallés* v. *Saurí, supra.*

■ The lower court erred in dismissing the motion for damages against plaintiff Avalo on the ground that it did not allege, as to him, that he acted with malice or want of probable cause. We believe that the ruling of *Serrallés* v. *Saurí, supra,* is in point upon commenting § 7 of the Act of March 8, 1906 relative to injunctions, § 681 of Code of Civil Procedure, 1933 ed., which is substantially equivalent to Rule 65 (*c*) of the Rules of Civil Procedure:

"This provision presupposes the applicant's liability for all damages caused by the issuance of the writ if it should subsequently prove to have been wrongfully issued. The law does not limit that liability to the amount specified in the bond. It does not limit the remedy to an action on the bond. It does not make averment and proof of malice or want of probable cause a condition precedent to recovery in any other action.

"By the terms of section 1803 of our Civil Code (Comp. Stat., sec. 4909), 'A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done.' With this broad basis for the redress of wrongs there is no need for a resort to an action for abuse of process or for malicious prosecution or to any other special action on the case. The reason for the common law rule requiring the averment and proof of malice or want of probable cause is that the common law action for damages caused by the wrongful issuance of an injunction is in the nature of an action for malicious prosecution. In an action brought under section 1803 of our Civil Code there is no more reason why such averment and proof should be required than there would be for the same requirement in an action on the bond."

See to that same effect *R. Muñiz de León & Co.* v. *Melón Hnos. & Cía.,* 56 P.R.R. 314.

■ Insofar as the sureties are concerned, because of the

limited liability contracted in the bond—to pay the damages (and costs) caused by the issuance of the restraining order—and in view of the conclusion reached by the lower court upon issuing the writ of preliminary injunction, after admitting evidence from both parties at the hearing, in the sense that "the restraining order had no effectiveness whatsoever for it was set aside," their liability—jointly with plaintiff's—is nominal and their presence in the suit becomes almost academic. In the light of said conclusions, exception made of costs and attorney's fees arising from the issuance of the *restraining order*, they can not be held responsible for anything else.

■ The award claimed for attorney's fees in order to obtain the dissolution of the restraining order may be recovered by way of damages. *Sierra* v. *Santiago, supra,* cited by appellees, and in which the contrary was decided, departed on this particular point from the general line of decisions of this Court prior to said decision. See *Moreno* v. *Martínez et al.,* 14 P.R.R. 371; *Quiñones* v. *American R. R. Co. of P. R.,* 17 P.R.R. 252; *Heirs of Jiménez* v. *Cruz et al.,* 31 P.R.R. 242; *Burgos* v. *Esteves,* 38 P.R.R. 396; and *San Juan R. & S. Club* v. *Castro et al.,* 38 P.R.R. 301. However; in *R. Muñiz de León & Co.* v. *Melón Hnos. & Cía., supra,* this Court again acknowledged—and granted—attorney's fees to obtain the dissolution of a wrongful attachment, as an element of damages. Nowadays that is the prevailing rule in this jurisdiction, which we now ratify as to attorney's fees for obtaining the dissolution of the restraining order, it not being altered by *Vélez* v. *General Motors Acceptance Corp.,* 59 P.R.R. 583, 587.

■ We need not examine the other items claimed as damages. The lower court did not consider them with the exception of the item of "mental and moral restlessness." But as to all of them, including the latter, it is incumbent

on said court to decide at first instance, and according to the evidence introduced.

For the reasons stated, the order will be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.